UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ESTATE OF COBURN BENSON (Deceased), <br><br>and<br><br>LESTER WILLIAMS,<br>Personal Representative of the<br>Estate of Coburn Benson and devisee<br><br>    Plaintiff<br><br>v.<br><br><br><br>DRAGONE CLASSIC MOTOR CARS,<br>EMANUEL G. DRAGONE<br>and<br>GEORGE DRAGONE,<br><br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | DOCKET NO.:<br><br>(DIVERSITY JURISDICTION PURSUANT TO 28 USC §1332) |

## VERIFIED COMPLAINT

### JURY TRIAL DEMANDED

NOW COMES Plaintiff, by and through his undersigned counsel, and personally Plaintiff, Lester Williams, and state under oath the following:

### DIVERSITY JURISDICTION

### PARTIES

1.    The Plaintiff Decedent was a resident of Maine until his demise. The Plaintiff, Lester Williams is a resident of Maine.

2.    Plaintiff, Coburn Benson, was a resident of Limerick, ME at the time of his purchase of the 1906 Locomobile Racecar and the person who contracted for its complete restoration by Defendants'. On July 14, 2019, Coburn Benson passed away.

3.    Lester Williams, is an adult citizen and legal resident of the State of Maine residing at 660 Alfred Road, Arundel, ME, 04046. Lester Williams was appointed Personal Representative on August 2, 2019, and is a devisee under Coburn Benson's Will.

4.    Plaintiff, Lester Williams, under the Last Will & Testament of Coburn Benson, is entitled to all rights and claims to this 1906 Locomobile and to enforce and/or rescind this contract or to bring an action for its Breach.

5.    The corporation, Dragone Classic Motor Cars, is a Connecticut corporation.

6.    The individual Defendants' are both residents of Connecticut.

7.    The claims belong in Federal Court pursuant to Diversity of Citizenship per 28 U.S.C. §1332.

8.    Defendant, Dragone Classic Motor Cars, is a corporation with a principal place of business located at 5 Connair Road, Orange, CT, 06477.

9.    Defendant, Emanuel G. Dragone, is believed to be an owner of Dragone Classic Motor Cars, with the principal place of business being located at 5 Connair Road, Orange, CT, 06477. Mr. Dragone's actions as outlined herein make him personally liable jointly and severally with the Defendant Corporation and other Defendant. Mr. Dragone is a resident of Connecticut.

10.   Defendant, George Dragone, is believed to be an owner of Dragone Classic Motor Cars, with the principal place of business being located at 5 Connair Road, Orange, CT, 06477. Mr. Dragone's actions are outlined herein and make him personally liable jointly and severally with the Defendant Corporation, and other Defendants'. Mr. Dragone is a resident of Connecticut.

## BACKGROUND

11.   On or about June 1, 2001, almost 19 years ago, as of the date of this complaint, Coburn Benson (now deceased) purchased a 1906 Locomobile, 4 cylinder Racecar, with the identity number of 1617 from Dragone Classic Motor Cars, one of the Defendants.

12.   The purchase price of the Locomobile was $2,000,000.00 ($2 million U.S. Dollars), which included a complete restoration of the vehicle to buyers specifications. A true and correct copy of the Retail Purchase Order or contract for Motor Vehicle Form is attached and marked as "Exhibit A." At time of contract signing per contract terms, Mr. Benson paid a deposit of $1,000,000.00 (One Million U.S. Dollars). (See attached Exhibit B).

13.   Mr. Benson subsequently was verbally asked by Defendants' to pay an additional $500,000.00 (Five Hundred Thousand Dollars) towards the contract amount of $2,000,000.00, which he did. (See attached Exhibit C).

14.   Mr. Benson was also verbally requested by Defendants' to pay an additional $250,000.00 (Two Hundred Fifty Thousand Dollars) towards the contract amount of $2,000,000.00, which

was paid by wire transfer. Plaintiff thus paid $1,750,000.00 towards purchase price and restoration of the vehicle.

15. Mr. Benson then agreed to pay the remaining $250,000.00 (Two Hundred Fifty Thousand U.S. Dollars) upon completion of restoration according to Mr. Benson's specifications of the 1906 Locomobile and delivery of it to him.

16. Mr. Benson was also later asked to pay an additional $500,000 to complete the restoration. He never agreed to this.

17. There are only two known Locomobiles in existence. Mr. Benson purchased #1617 and contracted for a complete restoration to his specifications and made payment for same. The restoration was never completed to Mr. Benson's specifications and the vehicle was never delivered to Mr. Benson or his personal representative, as agreed.

## COUNT I
## BREACH OF CONTRACT

18. Plaintiff hereby incorporates paragraphs 1 through 17 inclusive as if set forth fully below.

19. Defendant, Dragone Classic Motor Cars, is in the business of selling and restoring classic and antique cars and auctioning same.

20. Defendant, Dragone Classic Motor Cars, is and/or was at the time of purchase a "Dealer or Motor Vehicle Dealer" in the business of buying, selling, restoring and/or exchanging vehicles.

21. Emanuel Dragone was the person who negotiated the purchase and restoration of the Locomobile with Mr. Benson. Emanuel and George Dragone oversaw the restoration which was never completed or delivered. They also communicated with Mr. Benson and then refused to communicate with Mr. Williams about the Locomobile and its restoration, completion and delivery.

22. Emanuel and George Dragone also often refused or failed to return calls from Mr. Benson or Mr. Williams. When the Plaintiffs' tried to schedule an appointment to inspect the car, the Defendants' would not schedule one, or would not return their phone calls to schedule an inspection.

23. On or about June 1, 2001, Coburn Benson, purchased the 1906 Locomobile Racecar, with the expectation and pursuant to a written agreement that the Locomobile would be fully restored according to his specifications, which Dragone Classic Motor Cars and each of the Defendants' agreed to do, pursuant to the Retail Purchase Order dated June 1, 2001. *See* Exhibit A.

24. Approximately every three (3) months, Coburn Benson would make inquiries to Dragone Classic Motor Cars, specifically to Emanuel Dragone, and sometimes speaking to George

Dragone as to the progress of the restoration of the Locomobile. He would often receive no return phone calls. He would only receive information that the restoration was ongoing.

25. Neither Mr. Benson nor Mr. Williams were ever notified that the vehicle restoration was complete.

26. Coburn Benson finally went to Connecticut with Mr. Williams and another person in 2018 to view the Locomobile and see the progress of the restoration, because they could get no concrete information from the Defendants, but they were prevented from inspecting or viewing the actual car. They were told by Defendants' that they had to schedule an appointment to see the car as it was in a storage facility. Thereafter, Mr. Benson was always given an excuse as to why he could not see and inspect the car.

27. Coburn Benson had previously rejected the work that had been done on the rods, which were remade to Mr. Benson's specifications. The transmission work was not done to the specifications of Coburn Benson by Dragone and each Defendant, who were required to restore the car according to specifications as expressed by Coburn Benson, as per contract provisions. Dragone Classic Motor Cars instead suggested that they sell the vehicle for Mr. Benson, and after receiving any monies due Dragone, they would pay Mr. Benson the remainder. Mr. Benson did not agree to this. He wanted to see and drive the car before he died. He also wanted to find his own buyers. The Defendants' never managed to complete the restoration, or to deliver the car to Mr. Benson, or even to make it available for inspection after this time. Mr. Benson died shortly thereafter. Mr. Williams never agreed to the sale of the car by Defendants.

28. Lester Williams was appointed Personal Representative and is a devisee of Mr. Benson, who succeeds Mr. Benson to all rights to the Locomobile and over the contract for its restoration.

29. After being appointed personal representative for Coburn Benson in 2019, Lester Williams informed his then attorney to inform Dragone Classic Motor Cars that they had a potential buyer for the 1906 Locomobile, and that he wanted to come and view and inspect the Racecar in person. They have not permitted that to date, and otherwise have not responded to his inquiries.

30. These actions violate the terms of the agreement and express written provisions of the contract between Plaintiff and Defendant, and the extreme delay in completing the restoration, the failure to show and deliver the car to the Plaintiff, and the failure to complete the restoration to Plaintiff's specifications all are breaches of the agreement, and the utter failure to complete and deliver the car, restored to Mr. Benson's specifications in a timely manner, entitles the Plaintiff to an award of damages for such breach, for recission or delivery of car if completed as specified, or return of all monies paid under the contract, plus interest.

## COUNT II
## CONVERSION

31. Plaintiff hereby incorporates paragraphs 1 through 30 by reference as if set forth at length herein.

32. Defendants' Emanuel Dragone and George Dragone are the owners of Dragone Classic Motor Cars as claimed in this Verified Complaint, and negotiated the contract and agreed to complete the restoration in a timely way, and then put off the Plaintiff's for years.

33. Defendants' willfully entered into a contract with Coburn Benson for the purchase and restoration of a 1906 Locomobile Racecar.

34. By failing to complete the restoration and deliver the 1906 Locomobile to Plaintiff in nearly 19 years, pursuant to a contract with the Plaintiffs', the Defendants' have willfully and without lawful justification violated the terms of this contract, without the consent of the Plaintiffs'.

35. The Plaintiff's repeatedly requested that the Defendants' deliver the 1906 Locomobile to the Plaintiff with the restoration completed as he had purchased it.

36. The demand for the return of the vehicle which Mr. Benson had purchased and then left with Defendants for restoration, was repeatedly made by Plaintiffs. The Defendants' failed and refused to deliver the vehicle to Plaintiffs.

37. The Defendants' also failed to provide title to the 1906 Locomobile.

38. Now, Defendants' do not answer Plaintiff's calls at all and continue to fail to deliver the restored vehicle or return the purchase price paid.

39. The Defendants' unlawful misappropriation has damaged the Plaintiffs' in an amount exceeding $2,500,000.00.

40. The Defendants' failure and refusal to return the 1906 Locomobile restored as per contract constitutes intentional and malicious conversion of Plaintiff's property, and supports an award of punitive damages.

## COUNT III
## FRAUD CLAIM

41. Plaintiff hereby incorporates paragraphs 1 through 40 by reference as if set forth at length herein.

42. Defendants' actions surrounding the sale and restoration of the subject vehicle and failure to complete restoration in a timely fashion and to deliver it to Plaintiff, and their failure to communicate with the Plaintiff's, was unconscionable. Defendants' agents also acted with a reckless and callous disregard for Plaintiff's rights in regard to the timely completion and delivery of the restoration of the 1906 Locomobile according to the specifications of Mr. Benson, as agreed. Especially since Mr. Benson paid $1,750,000 towards the purchase restoration price, which was more than the contract called for. Defendant's agents recklessly failed to act with due diligence in their restoration and did not act upon plaintiff's complaints and inquiries as to completion of restoration for nearly 19 years and have not notified Mr. Benson or Mr. Williams

to date that the restoration is complete. This is especially egregious given Mr. Benson's advanced age.

43.     Defendants' intentional, reckless, wanton and willful acts establish a failure to comply with Maine's Consumer Fraud Act which entitles Plaintiff to an additional award of attorney fees and exemplary damages.

44.     Plaintiff believes and avers that the reckless, wanton and willful failure of Defendants' to comply with the terms of the written agreement also constitutes an unfair trade practice.

45.     The Court, in its discretion is authorized to award discretionary damages for violations of the Maine Consumer Fraud Act and Unfair Trade Practices Act and plaintiff seeks to recover damages under same.

46.     The Defendants' also repeatedly failed and refused to timely deliver to Plaintiff a title to the vehicle.

47.     The Defendants' failure to timely comply with the terms of the agreement during Mr. Benson's lifetime constitutes a breach of said agreement, and shows that Defendants never intended to complete restoration, entitling Plaintiff to rescind agreement and demand repayment of all sums paid, plus interest and reasonable attorney's fees, and any other exemplary damages due.

48.     Accordingly, plaintiff demands that the purchase price and all payments made, including all collateral charges be ordered returned forthwith, plus interest and reasonable attorney's fees, and any other exemplary damages due.

    WHEREFORE, Plaintiff respectfully demands judgment in his favor and against Defendant on the above referenced counts in an amount set by the Court or by a civil jury.


Dated: March 13, 2020                    _____
                                         Lester Williams, Personal Representative of the
                                         Estate of Coburn Bensen and sole devisee

STATE OF MAINE
Cumberland, ss.                                          March 13, 2020

     Personally appeared before me the above-named LESTER WILLIAMS, and made oath that the foregoing signed by him is true and accurate, and upon information and belief, he believes them to be true.

                                        Before me,

                                        *Arlene M. Thompson*
                                        Notary Public/~~Attorney at Law~~

                                            ARLENE M. THOMPSON
                                              Notary Public, Maine
                                    My Commission Expires August 18, 2021

Dated: March 13, 2020                         /s/ Peter W. Evans
                                          Peter W. Evans, Esq., Bar # 6940
                                          Attorney for Plaintiff

PETER W. EVANS ATTORNEY AT LAW
7 Estate Drive
Gorham, ME 04038
(207) 747-5114
inquiry@pevansatlaw.com