UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

---

ESTATE OF COBURN BENSON (DECEASED)
AND LESTER WILLIAMS,

             Plaintiffs,

V.                                    Docket no.: 2:20-cv-00115-GZS

DRAGONE CLASSIC MOTORCARS, INC.,
EMANUEL AND GEORGE DRAGONE

             Defendants

---

## **MOTION TO DISMISS WITH INCORPORATED MEMORANDUM OF LAW**

The defendants, Dragone Classic Motorcars, Inc., Emanuel Dragone and George Dragone, respectfully move the Court to dismiss the Plaintiff's First Amended Complaint: 1) for lack of personal jurisdiction pursuant to Rule 12(b)(2); 2) for improper venue pursuant to Rule 12(b)(3); and/or 3) for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**Procedural History**

The plaintiff filed the present action on or about March 26, 2020. On August 7, 2020, the defendants moved for more definite statement. The plaintiff thereafter agreed to revise the complaint to address all the defendants' concerns. On October 13, 2020, plaintiff filed the First Amended Complaint, which is the subject of the present motion.

## Lack of Personal Jurisdiction

In short, the plaintiff's First Amended Complaint[1] simply fails to allege <u>any</u> facts that would support this Court's personal jurisdiction over any of the three defendants. With respect to jurisdiction, the present complaint only states, under the heading "Diversity Jurisdiction 28 USC § 1332", that the "[a]mount in controversy in this matter exceeds $75,000, see below." FAC ¶ 11. The facts the plaintiff alleges that bear on jurisdiction are that plaintiff Williams is a resident of the State of Maine, <u>see</u> FAC ¶¶ 1, 4; and that he is an estate representative in probate court in York County, Maine for one Coburn Benson, deceased. <u>See</u> FAC ¶¶ 2, 3. The complaint also states (correctly) that the individual defendants, Emanuel and George Dragone, as well as the corporate defendant, Dragone Classic Motorcars, Inc., are all residents of Connecticut. <u>See</u> FAC ¶¶ 5-10. However, other than the paragraphs just cited herein, the complaint is completely lacking any allegations of fact that would establish personal jurisdiction over any of the defendants.

"When a court's jurisdiction is contested, the plaintiff bears the burden of proving that jurisdiction lies in the forum state." <u>Sawtelle v. Farrell</u>, 70 F.3d 1381, 1387 (1st Cir. 1995). "To establish personal jurisdiction in a diversity case, a plaintiff must satisfy both the forum state's long-arm statute and the Due Process Clause of the Fourteenth Amendment." <u>C.W. Downer & Co. v. Bioriginal Food & Sci. Corp.</u>, 771 F.3d 59, 65 (1st Cir. 2014). "Because the Law Court has deemed Maine's long-arm statute coextensive with the permissible exercise of personal jurisdiction under the Due Process Clause . . . the due process inquiry controls in the present case." <u>Lucerne Farms v. Baling Techs., Inc.</u>, 226 F. Supp. 2d 255, 257 (D. Me. 2002). "[The plaintiff] must put forward evidence of specific facts to demonstrate that jurisdiction exists." <u>A Corp. v. All Am. Plumbing, Inc.</u>, 812 F.3d 54, 58 (1st Cir. 2016) (internal citations and quotations omitted). In assessing this showing, the court must accept "properly

---

[1] References to the First Amended Complaint, document #18 are abbreviated herein as "FAC."

documented" proffers as true and "construe them in the light most congenial" to the plaintiff. Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 51 (1st Cir. 2002) (internal citations and quotations omitted).

"General jurisdiction exists when the litigation is not directly founded on the defendant's forum-based contacts, but the defendant has nevertheless engaged in continuous and systematic activity, unrelated to the suit, in the forum state." United Elec. Workers v. 163 Pleasant St. Corp., 960 F.2d 1080, 1088 (1st Cir. 1992) ( Pleasant St. I). In the present case, the plaintiff has not alleged any facts that, if credited, would establish "continuous and systematic activity" with Maine by any of the defendants. Indeed, not only has the plaintiff failed to allege any activity by any of the defendants in Maine, the complaint specifically alleges only activity in Connecticut by the defendants. See FAC ¶¶ 20, 35

"When general jurisdiction is lacking, the lens of judicial inquiry narrows to focus on specific jurisdiction... [which] requires weighing the legal sufficiency of a specific set of interactions as a basis for personal jurisdiction. " Foster-Miller, Inc. v. Babcock Wilcox Canada, 46 F.3d 138, 144 (1st Cir. 1995). The existence of specific personal jurisdiction depends upon the plaintiff's ability to satisfy two foundational conditions: "first, that the forum in which the federal district court sits has a long-arm statute that purports to grant jurisdiction over the defendant; and second, that the exercise of jurisdiction pursuant to that statute comports with the strictures of the Constitution." Pritzker v. Yari, 42 F.3d 53, 60 (1st Cir. 1994); *see also* Ticketmaster-New York, Inc. v. Alioto, 26 F.3d 201, 204 (1st Cir. 1994); Hahn v. Vermont Law Sch., 698 F.2d 48, 51 (1st Cir. 1983). In order to establish specific personal jurisdiction, plaintiffs "must show that: (1) their claim directly arises out of or relates to the defendant's forum-state activities; (2) the defendant's contacts with the forum state represent a purposeful availment of the privilege of conducting activities in that state . . . ; and (3) the exercise of jurisdiction is ultimately reasonable." Scottsdale Capital Advisors Corp. v. The Deal, LLC, 887 F.3d 17, 20 (1st Cir. 2018). In

cases such as the present, where there are multiple defendants, "[e]ach defendant's contacts with the forum State must be assessed individually." Calder v. Jones, 465 U.S. 783, 790 (1984).

With respect to specific jurisdiction, the First Amended Complaint simply fails to allege any contacts by any of the defendants with Maine. Hence, the plaintiff has not met his burden of providing the necessary factual allegations for this Court to rely upon in order to even assess, let alone establish, personal jurisdiction over the defendants.

Since the plaintiff has failed to allege any facts that would establish this Court's personal jurisdiction -- either in general or specifically related to the subject matter of the First Amended Complaint -- this Court's inquiry can be considered complete, and the plaintiff's complaint ordered dismissed pursuant to Rule 12(b)(2).

**Lack of Venue**

In summary, with respect to venue, the First Amended Complaint is silent as to an assertion of proper venue, and even the facts that are alleged do not support venue in the District of Maine. The federal venue statute, 28 U.S. Code § 1391(b), provides:

> A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Since the present complaint alleges that all the defendants are residents of Connecticut, see FAC ¶¶ 8-10, applying 28 U.S. Code § 1391(b)(1) directs that proper venue is in Connecticut, not Maine. In analyzing the Complaint for venue pursuant to 28 U.S. Code § 1391(b)(2), the Complaint only mentions

4

acts that took place in Connecticut, see FAC ¶¶ 20, 35, and otherwise fails to specify where alleged acts took place -- although one could surmise that all the acts of the Connecticut defendants took place in Connecticut, since if they took place in Maine the plaintiff would likely have so alleged. Yet, as with personal jurisdiction, the present Complaint is silent as to the 28 U.S. Code § 1391(b) venue factors for any of the defendants. Hence, in accordance with 28 U.S.C. § 1406(a), this action is subject to dismissal for
improper venue.

### Failure to State a Claim Upon Which Relief Can Be Granted

The First Amended Complaint is set out in four counts entitled: Breach of Contract, Conversion, Fraud, and "Anticipatory Repudiation Breach of Contract." respectively. According to Rule 8(a), "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The United States Supreme Court has observed that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Rule 10(b) of the Federal Rules of Civil Procedure provides, in pertinent part:

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count . . . . Fed. R. Civ. P. 10(b).

In short, the plaintiff's present pleading does not adhere to Rule 8 or Rule 10(b). Plaintiffs fail to state which count is alleged against which defendant(s). Instead, plaintiffs employ "group pleading," which fails to place each defendant on notice of its or his individual wrongdoing. Under First Circuit law, the Court must determine, "whether, as to each defendant, a plaintiff's pleadings are sufficient to state a claim on which relief can be granted." Sanchez v. Pereira-Castillo, 590 F.3d 31, 48 (1st Cir. 2009)

5

(emphasis added). The present complaint does not allege facts to allow the Court to make this assessment.

Under Rule 12(b)(6), the Court "may consider only facts and documents that are part of or incorporated into the complaint." United Auto., Aero., Agric. Impl. Workers of Am. Int'l Union v. Fortuno, 633 F.3d 37, 39 (1st Cir. 2011) (internal citations omitted). A viable complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering a motion to dismiss, the Court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679 (2009). It is the plaintiffs' burden to include within their complaint enough facts supporting a claim for relief that "nudge[] their claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570. "If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011) (quoting SEC v. Tambone, 597 F.3d 436, 442 (1st Cir. 2010)); see also Iqbal, 556 U.S. at 678 (stating that the Court need not accept "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements").

At the outset, looking generally at the set of facts that the plaintiff alleges, it is clear from the shortcomings of the plaintiff's allegations that they are all based entirely upon mere conjecture. Most instructively, the plaintiff does not state when any events related to the subject matter actually took place over the time between 2001 and 2018. Paragraphs 19, 38, 39 of the FAC all allege events at "unknown" times. FAC ¶¶ 19, 38, 39. Paragraph 60 alleges conduct by the defendants "some years in the past." FAC ¶ 60. The plaintiff does provide even general time frames within the seventeen (17) year time frame alleged. The defendants submit that this Court can deduce that the reason the plaintiff fails to allege any specific dates or time periods is because the plaintiff is well aware that those dates are so far in the past that they are time-barred by statutes of limitations.

Further, the FAC's inadequacies make clear that the plaintiff has no personal knowledge of the subject matter, and begs the question of the basis of the plaintiff's claims. That is, without the deceased Mr. Benson available to provide a basis for the allegations, what are the plaintiff's claims based upon, other than conjecture? The First Amended Complaint does not say. Certainly, if the plaintiff's claims are based upon statements by Mr. Benson, the plaintiff has not alleged those statements, nor any facts that would remove those statements from the realm of hearsay. Moreover, none of the plaintiff's allegations seem in any way to relate to his role as the purported estate representative of the deceased. That is, the plaintiff does allege, for example, that Mr. Benson listed the subject automobile as an asset in his Will or in a schedule of estate assets, which would be expected if the plaintiff's allegations were more than conjecture. The defendants submit that it should be instructive to the Court that the deceased, Mr. Benson, never brought an action against the defendants in his lifetime, which one would certainly expect him to have done if the plaintiff's allegations were based in fact. It is also notable that the original complaint in this matter was styled a "Verified Complaint," but the FAC no longer bears this designation. Neither pleading has a verification page.

Turning to the specific counts, plaintiff's count 1/"Breach of Contract", count 2/"Conversion", and count 4/"Anticipatory Repudiation Breach of Contract" are all premised upon the same basic allegation, paraphrased as: the deceased "purchased" the subject automobile in 2001, but the defendants never delivered it to him. The plaintiff alleges that the purchase price of this automobile was $2 million dollars. FAC ¶¶ 15, 16, complaint Exhibit A. The plaintiff alleges that the deceased paid $1.75 million toward the purchase price. FAC ¶ 16. Treating these allegations as true, the plaintiff actually admits that the deceased never performed under the contract, since he never paid the full purchase price of the subject automobile. Hence, these counts fail to state claims upon which relief can be granted and ought to be dismissed.

Count 3 of the FAC alleges fraud. Yet, the FAC includes only vague allegations and conclusions without delineating the particular act(s) or specific defendant(s) that undertook the act(s), in violation of this District's pleading requirements. Rule 9(b) of the Federal Rules of Civil Procedure requires:

> (b) Fraud or Mistake; Conditions of Mind. In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally. Fed. R. Civ. P. 9(b).

Under First Circuit law, "Rule 9 requires <u>specification of the time, place, and content of an alleged false representation,</u> but not the circumstances or evidence from which fraudulent intent could be inferred." <u>McGinty v. Beranger Volkswagen, Inc</u>., 633 F.2d 226, 228 (1st Cir. 1980) (emphasis added). "Rule 9 imposes heightened pleading requirements for allegations of fraud in order to give notice to defendants of the plaintiffs' claim, to protect defendants whose reputation may be harmed by meritless claims of fraud, to discourage "strike suits," and to prevent the filing of suits that simply hope to uncover relevant information during discovery. <u>Doyle v. Hasbro, Inc.,</u> 103 F.3d 186, 194 (1st Cir. 1996). Indeed, it is well settled in this District that a fraud allegation is sufficiently pled <u>only</u> "if it identifies the circumstances constituting fraud so that the Defendant can prepare an adequate answer from the allegations." <u>Wyman v. Prime Discount Sec.</u>, 819 F. Supp. 79, 83 (D. Me. 1993). Where a complaint, as here, involves multiple defendants, "each defendant's role must be particularized with respect to their alleged involvement in the fraud." <u>Rhone v. Energy North, Inc.</u>, 790 F. Supp. 353, 361 (D. Mass. 1991). The present complaint totally fails to adhere to these pleading requirements. Hence, the plaintiff has failed to specifically allege a fraud claim upon which relief could be granted.

**Conclusion**

For all the reasons stated herein, the plaintiff's claims should be dismissed 1) for lack of personal jurisdiction pursuant to Rule 12(b)(2); 2) for improper venue pursuant to Rule 12(b)(3); and/or 3) for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).

WHEREFORE, the defendants respectfully move that this Court dismiss plaintiff's First Amended Complaint.

Dated at Portland, Maine this 10th day of November, 2020

*/s/Frederick C. Moore*
Frederick C. Moore, Esq. Bar No. 2369
Attorney for the Defendants,
DRAGONE CLASSIC MOTORCARS, INC.,
EMANUEL DRAGONE, and
GEORGE DRAGONE

**CERTIFICATE OF SERVICE**

I, Frederick C. Moore, attorney for Defendants, hereby certify that I have this date caused a true and correct copy of the within Motion to Dismiss to be served electronically upon all parties of record.

*/s/Frederick C Moore*
Frederick C. Moore, Esq.
Bar #2369